UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20958-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA

     Plaintiff,

v.

NELSON ALBERTO ROQUE, et al.

     Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT NELSON ALBERTO ROQUE'S MOTION TO DISMISS

Pending before the Court is Defendant Nelson Alberto Roque's Motion to Dismiss. [DE 41]. The government filed its Response [DE 44] and Roque filed a Reply. [DE 49] The Honorable Alan S. Gold referred this Motion to the undersigned for resolution. [DE 42]. For the reasons set forth below, this Court recommends that the Motion to Dismiss be DENIED.

**I.    The Indictment**

The government charged Roque, in a one count indictment, with violating 18 U.S.C. §§ 2 and 2315, alleging in full:

> From on or about August 10, 2008, through on or about October 8, 2008, in Miami-Dade County, in the Southern District of Florida and elsewhere, [Nelson Alberto Roque] did knowingly receive, possess, conceal, store, sell, and dispose of goods, wares and merchandise valued in excess of $5,000, that is, computer hard drives, which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Sections 2315 and 2.

[DE 19].

## II. Analysis

Roque argues that the Indictment should be dismissed because § 2315, "both on its face and as applied to the facts relating to Roque, violates the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3." [DE 41, p.1]. The Commerce Clause grants Congress "the power . . . to regulate commerce . . . among the several states . . . ." Section 2513 provides, in pertinent part:

> Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken . . . shall be fined . . . or imprisoned not more than ten years, or both.

### A. Section 2315 is facially constitutional

Roque argues that § 2315 is facially unconstitutional and violates the Commerce Clause because it criminalizes the mere possession, receipt or sale of stolen goods that have crossed state lines after being stolen, even where the defendant had no involvement in the interstate transportation of the stolen goods. The statute is a lawful exercise of Congress' Commerce Clause powers if it falls within one of three areas of regulation of commerce recognized, most prominently, by the Supreme Court in *United States v. Lopez*: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, and persons or things in interstate commerce, and (3) activities that substantially affect interstate commerce. 514 U.S. 549, 558-59 (1995). Courts have observed that "many congressional exercises of authority are justifiable under more than one of the *Lopez* categories." *United States v. Schaffner*, 258 F.3d 675, 679 (7th Cir. 2001).

2

This Court is persuaded by a decision of the Second Circuit, in *United States v. Trupin*, 117 F.3d 678 (2nd Cir. 1997), that upheld the constitutionality of § 3215 in the face of precisely the same Commerce Clause challenge that Roque makes here. As an initial matter, the *Trupin* court found that § 2315 falls within the first *Lopez* category, as a regulation of the use of channels of interstate commerce. *Id.* at 684. ("[I]n conjunction with a statutory element of movement across state boundaries, possession alone [of stolen goods] can certainly be sustained as a legitimate exercise of Congressional power to regulate the uses and channels of interstate commerce") (quotation omitted).

The *Trupin* court also found § 2315 valid under the third *Lopez* category: regulation of activities that substantially affect interstate commerce. Statutes that fall within this category are a legitimate exercise of Congress' commerce powers when they "reach intrastate acts as part of 'an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated.'" *Id.* at 685 (quoting *Lopez*, 514 U.S. at 561). The *Trupin* court found that "§ 2315 does concern commerce, in that it seeks to eradicate the interstate and international traffic in stolen goods and in doing so to protect and encourage legitimate trade." *Id.* at 684. Thus, the court held that, because § 2315 seeks to eradicate a problem with an obvious and substantial interstate component, the Commerce Clause allows Congress to use the statute to reach acts "that in some instances might occur in a single locale." *Id.* at 685.

Roque argues that the *Trupin* court's analysis of the facial constitutionality of § 2315 under the Commerce Clause is no longer valid in light of a shift in Supreme Court analysis

of the Commerce Clause, since 2000. [DE 49, pp. 2-7]. This Court can not agree. Section 2315 clearly satisfies the requirements of the Commerce Clause under *Lopez* category three as set forth in *Gonzales v. Raich*, 545 U.S. 1 (2005), one of the cases relied on by Roque. In its review of the third category of regulation, the Supreme Court there noted: "[o]ur case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on commerce." *Raich*, 545 U.S. at 17. The Court concluded that "Congress can regulate purely intrastate activity that is not itself 'commercial,' . . . if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity." *Id.* at 18.

Here, § 2315 generally seeks to regulate economic activity (the trafficking in stolen goods), which regulation Congress could rationally conclude would be undercut if it failed to address the intrastate sale and use of those goods.[1] This Court agrees with the *Trupin* court that the ability to regulate the receipt of stolen goods that have traveled through interstate commerce is central to Congress's regulation of interstate and international trafficking in stolen goods.

This Court could simply end its analysis of Roque's facial challenge to § 2315 with its conclusion that the statute is a constitutional exercise of Commerce Clause powers under *Lopez* category three. This Court, however, also find that § 2315 satisfies the requirements of the Commerce Clause under *Lopez* category one. In doing so, this Court rejects Roque's argument that recent Supreme Court precedent calls the *Trupin* court's category one analysis

---

[1] Congress need only have a rational basis for reaching this conclusion. *Raich*, 545 U.S. at 22.

4

into question. Two of the Supreme Court cases relied on by Roque, *United States v. Morrison*, 529 U.S. 598, 609 (2000) and *Raich*, address the exercise of commerce powers under *Lopez* category three, and *Jones v. United States,* 529 U.S. 848 (2000), the third case relied on by Roque, addresses an as-applied challenge. Moreover, unlike the statute here, both *Jones* and *Morrison* address statutes that regulate noneconomic conduct, which by its very nature can more easily fall beyond the reach of the Commerce Clause. This Court can not agree with Roque that these cases, none of which are directly relevant to the issue here, herald a shift in Commerce Clause jurisprudence that requires this Court to disregard the Second Circuit's reasoned analysis of the constitutionality of § 2315 under *Lopez* category one.[2]

As a final note, Roque also argues that *Trupin* is factually distinguishable, and therefore can not be relied upon here, as the defendant in *Trupin* undisputedly transported a stolen painting across state lines, unlike Roque who asserts that all of his activities were intrastate. This distinction, however, is of no consequence to the Court's analysis of the facial constitutionality of § 2315.

---

[2] Roque argues that the decision in *United States v. Patton*, 451 F.3d 615, 621 (10th Cir. 2006) is evidence of the recent narrowing of the first *Lopez* category. [*See* DE 49, p. 4]. There, the Tenth Circuit observed that this category of commerce regulation is limited to statutes that regulate interstate transportation itself, not the manufacture before shipment, or use after.

The Eleventh Circuit recently rejected this overly restrictive interpretation of the scope of category one, recognizing "that plainly, congressional power to regulate the channels and instrumentalities of commerce includes the power to prohibit their use for harmful purposes, even if the targeted harm itself occurs outside of the flow of commerce and is purely local in nature." *United States v. Ambert*, No. 08-13139, 2009 WL 564677, * 8 (11th Cir. March 6, 2009) (quotation omitted).

### B. Section 2315, as applied to Roque in the Indictment, is constitutional

With little elaboration, Roque also argues that the Indictment against him is constitutionally deficient as applied to the charges filed against him.[3] Again, Roque asserts that he had no involvement in the theft or interstate transportation, which he claims takes his conduct beyond the commerce clause.

To survive a motion to dismiss, an indictment must set forth the elements of the offense to be charged and "sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, an indictment is sufficient if it tracks the language of the relevant statute and provides a statement of the facts and circumstances so as to give notice of the offense to the accused. *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007). The sufficiency of a criminal indictment is determined from the allegations on its face. *Sharpe*, 438 F.3d at 1263 ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes. . . . It is well-settled that a court may not dismiss an indictment on a determination of facts that should have been developed at trial.") (quotation marks omitted, emphasis in original); *United States v. Gonzales*, No. 5:07cr27-RS, 2007 WL 2298004, * 6 (N.D.Fla. Aug. 9, 2007) (criminal rules do not provide for a pre-trial determination of the sufficiency of the evidence).

Roque, however, makes his argument by reference to facts not alleged in the

---

[3] Roque primarily presents this argument in his reply memorandum. [DE 49, pp. 9-10].

Indictment, [DE 41, p. 3; DE 49, pp. 1-2], which the Court can not consider at the motion to dismiss stage.

Here, the Indictment tracks the language of § 2513 and charges Roque with knowingly receiving, possessing, concealing, storing, selling or disposing of computer hard drives which had crossed a State boundary after being stolen, when he knew that the hard drives had been stolen, unlawfully converted or taken. [DE 19]. These allegations, which mirror the language of § 2513, provide Roque with a statement of fact that gives him notice of the offense with which he is charged, including the jurisdictional element of that offense. Whether or not the government can ultimately prove the jurisdictional element is an issue for trial. For the purposes of the Motion to Dismiss, the government has sufficiently alleged jurisdiction.

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that

Defendant's Motion to Dismiss [DE 41] be **DENIED**. The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **ten days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d

745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 19th day of March 2009.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Alan S. Gold
All counsel of record